IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AMYE L. SANDIDGE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 16-cv-00871-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Amye L. Sandidge's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court denies Ms. Sandidge's motion.

1. **Background**

On March 31, 2015, Petitioner pleaded guilty to one count of conspiracy to manufacture methamphetamine violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). *See United States v. Sandidge*, Case No. 14-cr-40008-JPG-9 (Doc. 329). On September 11, 2015, the undersigned Judge sentenced Ms. Sandidge to the custody of the Bureau of Prisons for a term of 84 months, three years supervised release, a $100 special assessment, and a $100 fine. (Doc. 405, 14-cr-40008). Ms. Sandidge did not appeal her conviction or sentence.

2. **Standards.**

A petitioner seeking relief under § 2255 must file a motion within the one-year statute of limitations set forth in § 2255(f). Prisoners used to be able to file motions under § 2255 at any time during their sentences. However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28

U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence. The one-year limitations period runs from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner filed her § 2255 motion on August 2, 2016, within one year of the date on which her judgment of conviction became filed. Thus, her § 2255 motion was timely filed.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).

Further, a defendant cannot raise in a § 2255 motion constitutional issues that she could have, but did not raise in a direct appeal unless she shows good cause for and actual prejudice from her failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Finally, it is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). No hearing is required in this matter.

**3. Analysis.**

In her § 2255 motion, Ms. Sandidge argues that her sentence should be vacated because it did not, "reflect the relief awarded to those offenders, having a 'minor role' in their respective conspiracys (sic)." She cites to a recent case from the United States Court of Appeals, Ninth Circuit – *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). Although not controlling precedent, the Court has review and distinguished this decision.

The *Quintero-Leyva* matter was on direct appeal from sentencing in the district court. Quintero-Leyva argued at his sentencing that he was entitled to minor role reduction pursuant to U.S.S.G. § 3B1.2(b) and the district court denied his request for the reduction. The *Quintero-Leyva* court further noted that Amendment 794 set out new guidelines for the determination of whether a defendant should be granted a minor role reduction and determined that the Amendment 794 applied retroactively on direct appeals.

Petitioner now argues that she is entitled to minor role reduction based on new guidelines set forth in Amendment 794. The first difficulty that the petitioner faces is that this is not a direct appeal. Petitioner cannot raise in this forum errors in the application of the sentencing guidelines. As long as a defendant's sentence is within the sentencing range provided by the statute of the offense, sentencing guideline calculation errors are nonconstitutional and are not reviewable in § 2255 proceedings. *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)). Therefore, petitioner's motion must be dismissed for lack of jurisdiction.

4. **Certificate of Appealability.**

As this is a final order in a habeas corpus proceeding, the Court must grant or deny a certificate of appealability. 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Ms. Sandidge has not made such showing. Therefore, the Court denies a certificate of appealability. Ms. Sandidge may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2253(c)(1).

5. **Conclusion**

Accordingly, this Court **DISMISSES** Petitioner Amye L. Sandidge's § 2255 Motion (Doc. 1) for lack of jurisdiction. Further, the Court **DENIES** a certificate of appealability. The Clerk of Court is **DIRECTED** to close this matter.

**IT IS SO ORDERED.**

**DATED:** 8/4/2016           *s/J. Phil Gilbert*
                             **J. PHIL GILBERT**
                             **DISTRICT JUDGE**